## FLORA C. EDDY *vs.* WILLIAM E. GRAY.

The complainant in a bastardy process cannot be allowed to introduce in evidence the declarations of the attending physician, made to her during her travail, as to her condition and peril, for the purpose of corroborating her testimony; or to call witnesses to testify to a resemblance between the child and the defendant.

The presiding judge at a trial may call the attention of the jury to the evidence which is in the case, and state his recollection of what has or has not been testified to, submitting the whole matter to their consideration and judgment.

Evidence that the complainant in a bastardy process had intercourse with other men than the defendant more than ten calendar months before the birth of the child is inadmissible, if there is no evidence that the period of her gestation was unusually protracted.

Evidence that the complainant in a bastardy process was in the habit of associating with young men whose reputation for chastity was bad is inadmissible.

If a witness for the complainant in a bastardy process has denied on cross-examination that he ever had intercourse with her, he cannot be contradicted by proof of admissions by him to the contrary, unless such admissions refer to a period of time when, if true, he might be the father of the child.

COMPLAINT under Gen. Sts. *c.* 72, relating to the maintenance of bastard children.

At the trial in the superior court, before *Lord*, J., it appeared

that the child was born on the 1st of August 1860, and the complaint to the magistrate alleged that it was begotten on or about the 25th of October 1859. The complainant in her cross-examination testified that during the autumn of 1859 she did not walk or talk in the street with any one but the defendant, and was not out at night after nine o'clock. The physician who attended upon her at the time of her travail was called by her as a witness and testified to her accusation during her travail of the defendant as the father of the child. The witness was then asked what he said to her at that time as to her condition and danger, by way of caution to her to tell the truth. The judge ruled that, if she was informed that she was in unusual peril, this fact might be proved; but, after inquiry of the witness, being of opinion that the evidence offered did not show that her peril was greater than is usual in such cases, rejected it.

The complainant offered evidence from witnesses having no especial·skill in such matters to prove a resemblance in the head and features between the child and the defendant; but the evidence was rejected.

The defendant offered evidence tending to show that the complainant was in the habit of associating with several persons named; that she was warned not to associate with them because of their bad character; and that she still continued to do so. As to some of them, there was evidence tending to show that she was with them the last of September or the first of October 1859, under circumstances tending to show illicit intercourse; as to others, there was no evidence of any such circumstances. The judge, against the complainant's objection, admitted evidence of circumstances tending to show illicit intercourse when not farther from the date alleged by her than the last of September or first of October; and also evidence of the general notorious bad character for chastity of all the young men against whom she had been so warned, and with whom she continued to associate.

One Briggs, a witness for the complainant, denied on cross-examination that he ever had illicit intercourse with her. The defendant thereupon called one Bardwell as a witness, who testified

that in an interview with Briggs in October 1859, the latter admitted to him that he had had intercourse with the complainant several times. The complainant objected to this testimony upon the ground that the contradiction was not upon any material matter testified to by Briggs. But the judge held that as the time of the interview, as assigned by Bardwell, was within the period in which he had held testimony to prove illicit intercourse to be material, the testimony was competent to contradict Briggs.

During the argument of the complainant's counsel to the jury, the judge interrupted him, saying, " You argue as if the complainant had testified that she has had no sexual intercourse with any other person than the defendant." The counsel replied, " Yes, sir, I so understood her." The judge said, " I do not think she thus testified, but it is for the jury to say." The counsel continued to argue as if she had thus testified. In his charge, the judge said to the jury substantially as follows : " You observed that I interrupted the counsel in his argument in relation to the testimony of the complainant. I did not understand her to testify that she had no sexual intercourse with any other person about the time of her alleged connection with the defendant. My attention was called to it, and I was struck with the fact that neither counsel asked the question. The importance of that matter is this : the question is not simply, did the complainant have criminal connection with the defendant, but, is he the father of the child ? If she had connection with no other person, she knows the defendant to be the father. If she had connection with any other, you may think she does not know, though she may honestly believe the defendant to be the father. Perhaps, in fairness to her, if no inquiry was made of her upon the subject, you may think that her positive and unequivocal declaration that he is the father necessarily involves the denial of intercourse with any other. But the whole matter is with you. You must remember the evidence. The fact that I do not remember a piece of testimony is of no importance, if you remember it ; and you must be governed by your recollection, and not by mine." To these remarks the complainant's

counsel excepted as being singular, and as a charge upon the facts, in violation of law.

The jury returned a verdict for the defendant, and the complainant alleged exceptions.

*J. Wells*, for the complainant.

*G. T. Davis & S. O. Lamb*, for the defendant.

MERRICK, J. The evidence offered by the complainant of what was said to her by her physician in the time of her travail was rightly excluded. The statute permits the prosecutrix, in a process of this kind, to prove in corroboration of her own testimony, the fact that she did, when put upon discovery of the truth at that period, accuse, as the father of her child then about to be born, the same man against whom she had previously to the trial made the same accusation before a justice of the peace; but it limits the evidence to the proof of her declarations. Gen. Sts. *c.* 72, §§ 1, 8. So also that which she offered to produce as to the supposed or alleged resemblance of the child to the defendant was properly rejected. It is not of the kind which comes within the rule in relation to the testimony of experts upon questions of science or skill, or of knowledge acquired by some peculiar experience or education. 1 Greenl. Ev. § 440. And besides this, the witnesses called did not profess to have any special skill upon the subject of inquiry. The like evidence was offered and rejected in the case of *Keniston* v. *Rowe*, 16 Maine, 38, for reasons which appear to us quite satisfactory.

There was no irregularity in the conduct of the trial by the presiding judge, or in his charge to the jury, which affords any just ground of exception. It was within the province of the court to call their attention to the evidence which had been introduced; the effect of it was distinctly submitted to their consideration and judgment. There was no charge upon any matter of fact, but a mere allusion and reference to the testimony which had been laid before them. This was in conformity to the requirements of the provisions of the statute upon the subject and therefore entirely unobjectionable. Gen. Sts. *c.* 115, § 5.

But the evidence of facts tending to show illicit intercourse

of the complainant with persons other than the defendant at any point of time more than ten calendar months before the birth of the child, was, in the absence of proof that the period of gestation extended beyond the usual duration according to the common and natural course of life, which is recognized as well by legal as by medical authorities, inadmissible, and should have been excluded. Co. Litt. 123 b, and note *f*, by Hargrave. So also the evidence as to the general bad character of the young men with whom it was contended that she associated should have been excluded, it not having been admissible for any purpose whatever. Any presumption of the commission by her of a particular act of misconduct, from a knowledge of the general vicious habits of her associates, is too remote and indefinite to be relied on as legal proof.

The testimony of Bardwell, which the defendant was allowed to introduce to contradict the answers of Briggs upon his cross-examination, ought not to have been received, but should have been rejected. It was inadmissible, inasmuch as the alleged admission by Briggs of acts of illicit intercourse with the complainant of which Bardwell testified, did not refer to any particular time, and might therefore have referred to a period so remote, and so long before the time when the child was and must have been begotten, as to render it perfectly certain that such acts, if they actually occurred, were wholly immaterial to the question involved in the issue on trial. The admission of that testimony was therefore manifestly erroneous.

The exceptions in relation to the three subjects last adverted to are sustained; and a new trial must accordingly be granted.