Rose G. Kraiterman, administratrix, *vs.* City of Boston.

Suffolk.    November 1, 1937. — May 24, 1939.

Present: Field, C.J., Donahue, Lummus, Qua, & Dolan, JJ.

*Practice, Civil,* Appellate Division: jurisdiction; New trial; Stipulation. *Municipal Corporations,* Liability for tort.

An order of an Appellate Division, "Finding for defendant vacated and new trial ordered," was within the power given it by G. L. (Ter. Ed.) c. 231, § 108, and required a retrial of the whole case although the report of the District Court judge had been only as to the denial of

a request by the plaintiff for a ruling to the effect that the defendant had not sustained the burden of proving contributory negligence of the plaintiff.

No error appeared in the denial of a request for a ruling that a city "was legally responsible for the operation of a motor vehicle" which injured the plaintiff where it appeared that the vehicle was operated by an employee in the paving division of the city's department of public works but the record disclosed no evidence that such division was engaged in work voluntarily undertaken, in part commercial in character, for which the city received compensation.

An understanding of the parties in an action of tort in a District Court, not included nor referred to in a report to the Appellate Division, to the effect that if the Appellate Division found prejudicial error in a finding of contributory negligence of the plaintiff, the case would be remanded to the trial court for assessment of damages in an amount already determined by the trial judge, had no effect upon the power of the Appellate Division to order a new trial of the whole case.

TORT. Writ in the Municipal Court of the Roxbury District of the City of Boston dated November 8, 1932.

The case was twice heard by *Miles*, J.

*H. J. Cohen*, for the plaintiff.

*E. K. Nash*, Assistant Corporation Counsel, for the defendant.

DONAHUE, J. The plaintiff's intestate brought this action in a district court to recover damages for injuries received by him when struck by an automobile owned by the defendant. He has since died, but for convenience the word "plaintiff" is hereinafter used in referring either to him or to his administratrix.

(1) There were two trials in the District Court and two reports to the Appellate Division. At the first trial the defendant waived any question of agency and admitted that the automobile was owned by the defendant and was being operated by one Doherty on the business of the defendant at the time of the plaintiff's injury. There was a finding for the defendant based on the stated ground that negligence of the plaintiff contributed to his injury. The judge reported to the Appellate Division only his denial of the plaintiff's request for a ruling to the effect that the defendant had not sustained the burden of proving the affirmative defence of contributory negligence of the plaintiff.

The Appellate Division, after a hearing, ordered the entry

upon the docket of the District Court: "Finding for defendant vacated and new trial ordered." The plaintiff thereafter filed in the Appellate Division a claim of appeal from the order for a new trial, which stated that the plaintiff was not aggrieved by that part of the order which vacated the finding for the defendant. The plaintiff also filed in the Appellate Division an appeal from its denial of a motion, there made, to vacate the order for a new trial. For the standing of these attempted appeals see *Weiner* v. *Pictorial Paper Package Corp., ante,* 123. The ground of the two claims of appeal was that the case had been fully tried in the District Court and that it was the understanding of the parties and of the trial judge at the first trial that if the Appellate Division found prejudicial error in the finding of contributory negligence on the part of the plaintiff, the case would be sent back to the trial judge for the award of damages to the plaintiff in an amount which the judge had determined at the first trial. The report to the Appellate Division contained no reference to such an understanding or to the determination of the amount of damages by the trial judge.

The power of an Appellate Division to order a new trial was created by the statute establishing appellate divisions of district courts: "If the appellate division shall decide that there has been prejudicial error in the ruling complained of, it may reverse, vacate or modify the same or order a new trial in whole or part . . . ." G. L. (Ter. Ed.) c. 231, § 108. In the present instance the Appellate Division found prejudicial error in the refusal of the trial judge to give the ruling requested by the plaintiff. The statute specifies alternatively the various dispositions of a case which an Appellate Division is authorized to make when prejudicial error has been found. The choice of the method of disposition is left to the discretion of the Appellate Division. The power given by the statute to the Appellate Division was not here limited to reversing the erroneous ruling of the judge, or to vacating it, or to modifying it. The Appellate Division was also empowered to grant a new trial either in whole or in part. The Appellate Division exercised a dis-

cretion given to it by the statute by ordering a new trial of the whole case and not a partial new trial. (See *Merrick* v. *Betts*, 217 Mass. 502; *Cheney* v. *Boston & Maine Railroad*, 246 Mass. 502, 505; *Woodworth* v. *Woodworth*, 273 Mass. 402, 407; *Bresnahan* v. *Brighton Avenue Baptist Church*, 279 Mass. 300, 302.) There was no error of law in the Appellate Division's order for a new trial of the whole case and we cannot review its exercise of the discretion given to it by the statute.

(2) After the entry of the order for a new trial the case came on to be heard again in the District Court before the same judge who had presided at the first trial. Against the objection of the plaintiff there was a full and complete new trial and a finding for the defendant.

The judge denied a request of the plaintiff for the ruling that: "The defendant was legally responsible for the operation of a motor vehicle as described in the plaintiff's declaration." The report states that the automobile at the time of the plaintiff's injury was "operated by an employee of the paving division of the defendant's department of public works on its business." The judge found that the operator of the automobile was negligent and ruled that the defendant had not sustained the burden of proving the affirmative defence of contributory negligence of the plaintiff. There was, however, nothing in the record to show, and it cannot be assumed, that the paving division of the department of public works was engaged in work voluntarily undertaken, in part commercial in character, for which any compensation was received. In the absence of such evidence the defendant could not be held legally responsible for the negligence of the employee. *Bolster* v. *Lawrence*, 225 Mass. 387, 389, and cases cited. *Orlando* v. *Brockton*, 295 Mass. 205, and cases cited. Compare *Lynch* v. *Springfield*, 174 Mass. 430; *Sloper* v. *Quincy*, 301 Mass. 20, 23–24. The plaintiff's request for ruling was rightly denied.

By various motions and requests for rulings the plaintiff at the second trial presented the contentions that there should not be a full and complete new trial, that the judge

should merely enter a finding for the plaintiff for the amount of damages found by him at the earlier trial, that only evidence introduced at the first trial should be considered by him and other contentions which ignored the order of the Appellate Division for a new trial without any limitation. He rightly refused to disregard such order and rightly denied the motions and the requests for rulings.

An understanding, or oral agreement, made at the first trial by the parties and the judge to the effect that if the Appellate Division found prejudicial error and ordered a new trial, the judge should then enter judgment for the plaintiff in the amount of damages earlier found by him could not limit, control or modify the order for a new trial made by the Appellate Division in the exercise of a discretion vested in it. The judge in compliance with such order properly tried the case anew and made his findings and his rulings on the evidence there introduced.

The order of the Appellate Division vacating the finding for the defendant at the first trial and ordering a new trial, and its order dismissing the report of the second trial are affirmed.

*So ordered.*