BERTHA KEENEY *vs.* JACOB CIBOROWSKI.

Worcester.   September 25, 1939. — November 28, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Evidence*, View.   *Practice, Civil*, Appellate Division: report; View.

A mere statement in a report by a judge of a District Court that a view was taken at the trial of an action for personal injuries caused by a splinter on a stair did not amount to a recital of evidence warranting a finding as to the length of time the defect had existed.

TORT.   Writ in the Central District Court of Worcester dated July 14, 1937.

The second trial was before *Mahoney*, J., who found for the plaintiff in the sum of $150.

The case was submitted on briefs.

*S. A. Ciborowski*, for the defendant.

*C. S. Murphy & H. J. Nugent*, for the plaintiff.

Cox, J.   The defendant appealed from the order of the Appellate Division for the Western District dismissing the report of the trial judge, who, at a second trial of the action, found for the plaintiff. Although the record contains the report of the former trial and the order of the Appellate Division thereon for a new trial, we consider only the record of the second trial, since the plaintiff does not contend that the order for a new trial was erroneous. See *Real Property Co. Inc.* v. *Pitts*, 230 Mass. 526; *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123; *Kraiterman* v. *Boston*, 303 Mass. 209.

The report in question, which states that it "contains all the evidence and the facts material to the questions reported," sets out that the plaintiff, on June 5, 1937, was on

the premises of the defendant as an invitee. As she was leaving she caught her heel on a splinter on one of the outside wooden steps leading to the first floor, and fell to the ground. The finding of the judge, that the splinter constituted a defect, is based upon evidence set out in the report and cannot be disturbed. He also found that the defective condition of the step had existed for such a length of time "that the defendant should have had knowledge and that his failure to repair the same, constitutes negligence on his part." There is no evidence whatever in the report as to how long the step had been in the condition described as existing on the day of the plaintiff's injury. There was evidence that there had been a gouge "in the stair . . . for about a year and a half," but the plaintiff does not contend that this was the cause of the injury. It follows from this that the request that was refused should have been given, unless the fact that the judge took a view of the premises requires a different conclusion. The report does not disclose when the view was taken although it could not have been prior to January 5, 1938, the date of the order of the Appellate Division upon the report of the first trial. The second report was allowed on March 6, 1939. We are concerned with the second report. See *Kraiterman* v. *Boston,* 303 Mass. 209.

It is true that where a view is taken by either a judge or a jury a certain amount of information must, of necessity, be acquired which may properly be treated as evidence in the case. But the fact that a view has been taken presents no insuperable obstacle to the granting of a new trial, *Tully* v. *Fitchburg Railroad,* 134 Mass. 499, 503; and in some instances the presiding judge may properly rule upon the effect of the evidence in the case and direct a verdict, notwithstanding the fact that the jury have taken a view. *Rigg* v. *Boston, Revere Beach & Lynn Railroad,* 158 Mass. 309, 313. In the case of. *Munroe* v. *Carlisle,* 176 Mass. 199, the plaintiff alleged that she was injured by the fall of a piece of stone from a capstone of a building. Among other things, it was held that the fact that the stone was cracked at the time of the accident was no evidence of its condition five

years before, and the fact that the jury took a view, without more, did not raise a presumption that evidence of the "long past" condition of the stone was obtained by inspection. "It has been said that the judge presiding at a trial properly may rule upon the effect of the evidence and order a verdict although the jury have taken a view, if it does not appear that the jury could have acquired from the view the knowledge of any material facts which were not put in evidence in court." *McMahon* v. *Lynn & Boston Railroad,* 191 Mass. 295, 299. In this case it appeared that the defendant's counsel described the snow plow that the jury were to see, and asked the jurors to pay particular attention to certain parts of it. The plow was shown to the jury and its different parts were pointed out to them. It was held that the bill of exceptions rightly contained the narrative of what took place at the view and the statement of what was said by counsel for the defendant in his opening to the jury. See *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 30; *Klegerman* v. *New York, New Haven & Hartford Railroad,* 290 Mass. 268, 276; *Snyder* v. *Massachusetts,* 291 U. S. 97, 118–121.

Rule 28 of the District Courts (1932) (see G. L. [Ter. Ed.] c. 218, § 43) provides, among other things, that "such draft report shall state the issues raised by the pleadings, shall set forth in clear and concise terms the rulings upon which the party seeking the report has requested and now asks for a re-hearing by the Appellate Division, the state of the case at which and the manner in which the same arose, how he claims to be prejudiced by such rulings and any other facts essential to a full understanding of the questions presented. Such draft report shall generally as fully as may be follow the model elsewhere printed in these rules." The rule also provides that "A written decision or finding and any special findings of fact filed by the Trial Justice before request for a report has been filed shall be incorporated in all draft reports and reports." Although the party requesting the report is required to file a draft of it, nevertheless the report is that of the presiding judge. "He has a right to insert in it what he deems material to a full and true statement of the point of law involved. . . . The judge had authority, and,

we think, a duty, to include a statement of . . . [actions of the court material to the issue] in his report." *Kelly* v. *Foley*, 284 Mass. 503, 509. *Burbank* v. *Farnham*, 220 Mass. 514. *Santosuosso* v. *Della Russo*, 300 Mass. 247. See *MacDonald* v. *Adamian*, 294 Mass. 187.

In view of what has been said, in our opinion the mere fact that the report states that the judge took a view of the premises is not enough by way of supplementing the evidence reported to warrant the finding that was made. To come to any other conclusion might well result in situations where the rights of the parties would stand or fall upon the bald statement that the judge took a view. Appeals to this court in such cases might be futile, in so far as any attempted adjudication of the substantive rights of parties is concerned. The implication of the decision in *Burbank* v. *Farnham*, 220 Mass. 514, is that the report should set out the material evidence upon which the findings of the trial judge are based. Unless this is done, there is no way for the Appellate Division, or for this court upon appeal, to determine satisfactorily the rights of the parties. As was said in *McMahon* v. *Lynn & Boston Railroad*, 191 Mass. 295, at page 300: "The bill [of exceptions] purports to contain all the evidence; and it would not have contained all the evidence if this [what took place at the view and the statement of what was said by the counsel for the defendant in his opening to the jury] had been omitted."

We think the statement in the report that a view was taken amounts to nothing more than a bald statement of that fact, and that the ruling that was refused should be dealt with without reference to it.

The order of the Appellate Division dismissing the report is reversed and the finding for the plaintiff is vacated, and since a correct disposition of the defendant's request for ruling, that the evidence did not warrant a finding for the plaintiff as a matter of law, would have disposed of the case in favor of the defendant, judgment is to be entered for the defendant. *Fiske* v. *Boston Elevated Railway*, 289 Mass. 598, 601.

*So ordered.*