*Northern District*
No. 6564.
## LEO SULLIVAN
v.
## LENA AUSSEBEL
&
## D. F. HACKETT & CO., INC.
Argued: Sept. 27, 1967   Decided: Jan. 18, 1968

*Present:* Brooks, P. J., Yesley, Durkin, J. J.

Case tried to *Troy, J.* in the Municipal Court of the Dorchester District. No. 19057

*Durkin, J.* This is an *action of contract* to recover the sum of $1,000.00 paid as a deposit.

The plaintiff and defendant entered into an

agreement dated December 20, 1965, by which the plaintiff agreed to buy and the defendant agreed to sell the capital stock of a Package Liquor Store in the Dorchester district of Boston. The plaintiff made a deposit of $1,000.00 on account of the purchase price and, as the sale was not completed, brings this action to recover the same. By the terms of the agreement the closing, passing of papers and payment of the balance of purchase price was to take place in the office of the defendant's attorney on the fifth business day after the approval by the Licensing Board (which was given on March 31, 1966) ''unless the parties agreed to some other time and place''.

The defendant's answer is a general denial and a further allegation that the defendant was at all times ready, willing and able to perform the agreement, but that the plaintiff breached the agreement.

There was no testimony that the plaintiff ever did appear at the office of the defendant's attorney for the purpose of passing papers. There was evidence that the plaintiff received a letter dated April 13, 1966, from the attorney for the defendant setting April 18, 1966, at 7:00 P.M. at 1450 Dorchester Avenue, Dorchester, as the time for the taking of the inventory. The plaintiff did not appear but left this entirely to his attorney; later the plaintiff's attorney left before completing the taking of the inventory; however, before leaving he agreed

with the defendant's attorney that he and his client would be at the office of the defendant's attorney the following day, April 19th at 2:00 P.M. for the purpose of passing papers and completing the transaction; that the defendant's attorney and the defendant's accountant were at the office throughout the following day until about 4:00 P.M. and neither the plaintiff nor his attorney appeared; and that the defendant's attorney attempted three different times that day to reach the plaintiff's attorney but was unable to do so.

The defendant reasonably filed three requests for rulings as follows:

1. There is not sufficient credible evidence to warrant a finding for the plaintiff.
2. There is not sufficient credible evidence to warrant a finding that the defendant breached the agreement with the plaintiff dated December 20, 1965.
3. There is not sufficient credible evidence to warrant a finding that the plaintiff was ready, willing and able to perform with respect to the agreement dated December 20, 1965.

The court denied each request with the notation "See findings of fact". All the defendant's requests properly raised the issue whether as a matter of law the evidence was sufficient to support the court's finding for the plaintiff.

The court found the following facts:

"I find that the plaintiff in good faith entered into said agreement; continuing to act in good faith he made several efforts to consummate the sale in conformance with the terms of the agreement. The defendant repeatedly deferred any action on his part to aid in the completion of the sale. The failure of the defendant to provide the necessary inventory and outstanding liabilities is deemed a breach of his agreement with the plaintiff thereby causing undue delay and making a consummation of the actual sale impossible. I find at no time did the plaintiff in any manner act except in good faith. Liability for the breached agreement lies entirely on the part of the defendant."

A report of a case to the Appellate Division, unlike a bill of exceptions, is not that of any party but is a recital by the trial judge of what occurred before him so that his actions may be reviewed to ascertain whether or not he committed error as to the matters set forth.

A report from the trial court to the Appellate Division should include a concise recital of all the evidence material to the vital issues raised at the trial. A report to an Appellate Division, although prepared by the party seeking the review, becomes the report of the trial judge when he signs it, and the judge is duty bound to see that it contains all material evidence.

The report does contain the statement that "This report contains all the evidence material to the evidence reported".

The findings of fact by the trial judge, supra, brings before us the question of law whether or not the evidence warranted the ultimate findings.

Although a finding of fact is not a proper subject of a report, the issue whether a general or ultimate finding based on subsidiary facts is either warranted or required by those facts raises a question of law which may be reported. *Soutier* v. *Kaplow*, 330 Mass. 448, 450; *Leshefsky* v. *American Employers' Ins. Co.*, 293 Mass. 164, 167.

In our review of the question of law as to whether the subsidiary facts and the evidence set forth in the report warrant the conclusions set forth in the judge's "findings of fact", we are bound by the contents of the report. We must consider that the report sets out all the material evidence on which the judge's findings are based, since it is only in this way that on review the rights of the parties can be satisfactorily determined. *Keeney* v. *Ciborowski*, 304 Mass. 371, 374.

The judge had both the authority and the duty to include in the report everything in the evidence deemed by him to be material to the issues. See *Keeney* v. *Ciborowski*, supra, at page 374 and cases cited.

If not satisfactory to him, he need not

have allowed the report. He could have made additions to or changes in the draft report in order that the report as finally fixed should contain all of the material evidence. We cannot assume that there was material evidence more favorable to the plaintiff which does not appear in the report. See *Buckley* v. *Railway Express Agency, Inc.,* 323 Mass. 448, 451.

We have searched the report, in the light of the principles cited above, for evidence therein which might furnish a basis for the judge's finding for the plaintiff. The report is bare of such evidence. The material evidence reported indicates, to the contrary, that it was the plaintiff who failed to appear at the office of the defendant's attorney at the time and place finally agreed upon by the parties for the purpose of passing papers and completing the transaction.

In particular, we can ascertain no basis for the ultimate finding that "liability for the breached agreement lies entirely on the part of the defendant". The evidence required the judge to grant the rulings requested by the defendant.

The case has apparently been fully tried, and the court is satisfied that it has before it all the facts necessary for determining the question in dispute. The evidence was insufficient to warrant the finding for the plaintiff. Since these rulings, if given, would have been decisive of the case, **we vacate the finding for**

the plaintiff and order judgment to be entered for the defendant. G.L. Chapter 231, Sections 108, 110, 124; *Elliott* v. *Warwick Stores, Inc.*, 329 Mass. 406, 409.

MILTON B. GOODMAN,
  of Boston, for the Plaintiff.
ISRAEL N. SAMUELS,
  of Boston, for the Defendants.