*Western District*

## No. 162

## JUAN ORTEGA
### v.
## BEATRICE JOHNSON

Argued: Aug. 18, 1975. Decided: Nov. 21, 1975.

Case tried to *Cooley, J.,* in the District Court of Western Hampden. No. 73R009.

Present: Gould, Larkin, Cimini, J.J.

For the defendant: Edward V. Leja.

**Cimini, J.** This is an action of tort to recover damages for personal injuries resulting from an automobile accident.

The defendant's answer, so far as her material, alleged a general denial and contributory negligence.

The court found for the plaintiff in the sum of $2035.00.

*The plaintiff testified that:*

At approximately 11:30 a.m. on September 25, 1969, he was going home from work. He was walking on the sidewalk, proceeding in a generally northerly direction along Main Street in Springfield. While walking in front of the New North Shopping Plaza and when he was half way across a drive-way leading into the shopping plaza, he felt a car hit him. He did not see the car before the accident. He was struck by the right hand side of the car at the rear of the car. As a result thereof, his back, right hand and leg were injured.

*On cross examination, the plaintiff testified that:*

He was walking along the sidewalk in front of the New North Shopping Plaza; that at all times he was looking straight ahead and was at all times walking prior to the accident. He did nothing but walk straight ahead and look straight ahead prior to the time of his contact with the defendant vehicle. He did not see the defendant's car at all prior to impact and that he was still in motion when he came in contact with the right rear fender of the defendant's car.

*The defendant testified that:*

She was operating her white Cadillac on the day of the accident and driving to the Union Market, which is located in the New North Shopping Plaza, taking her friend, Mrs. Wright, to the Union Market. She drove generally northerly on Main Street and made a right turn into the New North Shopping

Plaza and drove through the parking lot to the front of the Union Market and stopped. At no time did she see the plaintiff, and at no time did her car come in contact with the plaintiff or any other object while she was driving to the shopping plaza.

At the close of the evidence and before the arguments, the defendant made the following requests for rulings of law:

1. The evidence warrants a finding for the defendant.

2. The evidence warrants a finding that the plaintiff has failed to sustain his burden of proof.

3. The evidence does not warrant a finding for the plaintiff.

4. The evidence warrants a finding that the defendant has sustained her burden of proving contributory negligence.

5. On all the evidence, a finding for the plaintiff is not warranted.

The court found for the plaintiff and made the following finding:

"In view of my findings of fact, the defendan'ts requests for rulings of law are hereby denied as inapplicable to my findings of fact.

"I find as a fact that the defendant operator was negligent and the plaintiff was not contributory negligent and the defendant's negligence caused the plaintiff's injuries.

"I find for the plaintiff in the amount of $2035.

"The defendant claiming to be aggrieved by the court's denial of its requests for rulings of law, I hereby report this case to the Appellate Division for determination."

1. Was the trial court in error in denying the defendant's requests for rulings of law.

2. Does the evidence support the finding for the defendant.

We find no prejudicial error. A Justice sitting without a jury performs a dual function, He is both a judge of law and a trier of facts. He must apply correct rules of law for his guidance and find the facts as guided by these rules.

And upon proper requests, therefore, he must state the rules of law adopted by him for his guidance as a trier of fact in order that the right of review, thereof, may be reserved. *Adamitis v. Metropolitan Life Insurance Co.,* 295 Mass. 205, 219; *Memishian v. Phitts,* 311 Mass. 521, 522, 523; *Perry v. Hanover,* 314 Mass. 167, 173.

This principle is applicable to the question of law whether the evidence warranted a finding. Upon the proper request for ruling on this question, a justice is bound to rule thereon unless a special finding or findings under such a rule is immaterial. *Bresnick v. Heath,* 292 Mass. 293, 298; *Hurley v. Ornstein,* 311 Mass. 477, 480.

The purpose of such a ruling, or of such a special finding or special findings, is to show whether the general finding is vitiated by error of law. *Perry v. Hanover,* 314 Mass. 167, 174.

It does not follow, however, that every request predicated upon the sufficiency of the evidence to warrant a particular finding or conclusion requires action by the justice. To require judicial answer it must relate to a fact or factual aspect of the case that is dispositive or decisive of an issue in the case. *Barnes v. Berkshire St. R.R.,* 281 Mass. 47, 50, 53; *Stella v. Curtis,* 348 Mass. 458, 462.

The findings of fact by the trial justice, brings before the Appellate Division the question of law whether or not the evidence warranted the ultimate finding. *Sullivan v. Aussebel,* 39 Mass. App. Dec. 222, 227.

A request, predicated upon the sufficiency of the evidence to warrant a finding which is decisive of an issue in the case is a proper, pertinent or relevant request for a ruling of law and not a finding of fact, and must be passed on by the justice. The denial of such request, raises a question of law. Although a finding of fact is not a proper subject of a report, the issue whether a general or ultimate finding based on subsidiary facts is either warranted or required by those facts raises a question of law which may be reported.

It is elementary that the burden of proof rests upon the plaintiff. The question of negligence is ordinarily a question of fact. *Hanna v. Shaw,* 244 Mass. 57, 60.

It is rarely that a finding of fact can be required as a matter of right. Commonly it must be determined as a matter of fact upon a consideration of all of the evidence. We find that the case at bar falls within this general rule. *McDonough v. Metropolitan Life Insurance Co.,* 288 Mass. 450, 452; *Castano v. Leone,* 278 Mass. 429.

Here, the trial justice specifically states in his findings, that the proximate cause of the plaintiff's injuries was the negligence of the defendant and that the plaintiff was not contributorily negligent.

In effect, the trial justice found as a fact that the defendant was guilty of negligence. Thus, the record

shows that the ultimate decision of the trial justice was based on findings of fact rather than an erroneous view of the law. The evidence justified these findings and rulings.

There was no prejudicial error; the **report is dismissed.**