This certifies that this is the opinion of the Appellate Division in this cause.

**Charles A. Jannino**
**Clerk, Appellate Division**

**Frank REEGO & SONS, INC.**
v.
**Nelson GEDIMAN and Elizabeth GEDIMAN**

**No. 8685**

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**June 24, 1981**

**Paul V. Salter,** counsel for plaintiff
**Nelson Gediman,** counsel for defendant

**JODREY, J.** This is an action of contract in which the plaintiff seeks to recover, on an account annexed, money allegedly due for labor and materials furnished by the plaintiff to the defendants in connection with the construction of defendants' home. There male defendant (hereinafter called the defendant) only.

At the trial there was evidence tending to show that in July of 1978 plaintiff furnished labor, equipment, and materials at the job site. Plaintiff thereafter submitted a bill for the same amounting to $2866.20. Defendant paid $1500 on account, leaving an unpaid balance of $1366.20, which he subsequently failed and refused to pay because he considered the bill "outrageous" and excessive. Defendant testified further that he had been to the site on two occasions on days for which he was being charged and "nobody" was there. Plaintiff put his bill in evidence but offered no other evidence as to the quality of the work, the completeness of performance, or the correctness and fairness of the charges.

The trial judge made the following special findings of fact:

"A contractual agreement existed between the parties. By the terms of this agreement, the plaintiff was to furnish materials and perform labor for the defendant on his property.

The defendant does not claim that the plaintiff did none of the above; he does admit some performance by the plaintiff. The defendant does claim that the final bill by the plaintiff was, to use the defendant's own word, "outrageous". In sum the defendant adopts the position that the plaintiff's total bill is excessive in relation to what he actually did.

The Court finds for the plaintiff. There is an account annexed: the parties agreed on the total price. Beyond that, the Court makes reference to the defense raised by Nelson Gediman. He testified that on one occasion he observed that neither the plaintiff nor his employees were present at the work site during normal work hours. He asserts therefore that the plaintiff was lax in discharging his duties on this job.

The above evidence, of one particular observation on one particular day, in

three months, does not carry sufficient weight, if any, to justify discharging the defendant's obligation, under the account annexed or on any other legal theory. The defendant furnished no other evidence on this point specifically, nor more generally did he furnish qualified witnesses to testify as to fairness of price or quality of work." )

The defendant seasonably filed requests for rulings which the trial judge acted upon. Inasmuch as we are of the opinion that Request #2 is dispositive of this appeal we limit our review to the correctness of the judge's ruling upon that request, which reads as follows:

"2 There was not sufficient evidence introduced at the trial to establish a prima facie case against the defendant Nelson Gediman."

The request was denied.

The denial of this request constituted reversible error.

A judge sitting without a jury performs a dual function. He is both a judge of law and a trier of facts. He must apply correct rules of law for his guidance and find the facts as guided by those rules. Upon proper requests, he must state the rules of law adopted by him for his guidance a a trier of fact in order that the right of review thereof may be preserved. **Ortega v. Johnson.** 57 Mass. App. Dec. 109, 112 (1975).

The findings of fact by the trial judge bring before the Appellate Division the question of law whether or not the evidence warranted the ultimate finding. **Sullivan v. Aussebel,** 39 Mass. App. Dec. 222, 227 (1968).

The report (erroneously titled "Draft Report") contains a full transcript of the evidence, which we have perused, although we are of the opinion that "a clear and concise statement of so much of the evidence . . . as may be necessary to present the questions of law reported . . .", as called for under Rule 64 of the rules of civil procedure, would have been

33, Draft Report Model, contained in the Appendix of Forms relating to District Courts and Municipal Court of Boston.

We feel it necessary, after a thorough review of the transcript, to rule that the judge's finding that the parties agreed on the total price was not warranted by the evidence.

In the absence of an agreed contract price the plaintiff must prove the value, correctness and fairness of the charges. Beyond that the plaintiff, in order to make out a case, must present evidence tending to prove the quality of the work and completeness of performance. It is basic law that the plaintiff has the burden of proving every element of his case. It failed to sustain that burden. **Herman v. Fine,** 314 Mass. 67 (1943).

The requested ruling should have been allowed.

We vacate the finding for the plaintiff. Judgment to be entered for the defendant.
So ordered.

**John P. Forte, Justice**
**James B. Tiffany, Justice**
**H. Lawrence Jodrey, Justice**