JOSEPH SANTOSUOSSO *vs.* CELIA DELLARUSSO.

Suffolk.     March 7, 1938. — May 24, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, DOLAN, & COX, JJ.

*Contract,* Implied.   *Practice, Civil,* Appellate Division: establishment of report, Appeal.

On evidence that a client, who at first refused to employ an attorney under an agreement stating a certain compensation, afterwards did so without anything being said about compensation and that the services sought were performed, a finding for a reasonable compensation therefor was warranted.

A report to an appellate division of a district court is that of the trial judge, who may make it conform to what he believes to be the truth in any way he desires, subject to the right of the appellate division to establish a draft report presented by the party aggrieved if that, rather than the report which the judge signs or is ready to sign, is true. Per LUMMUS, J.

Upon an appeal from the denial by an appellate division of a petition to establish a report by a judge of a district court, the determination by the appellate division of the truth or falsity of facts set forth in the petition is final and cannot be reviewed.

CONTRACT. Writ in the Municipal Court of the City of Boston dated May 3, 1937.

The declaration was in two counts, the first upon an alleged agreement in writing described in the second paragraph of the opinion, and the second upon a *quantum meruit.* At the opening of the trial, counsel for the plaintiff stated that the agreement described in the first count never was executed by the parties. The trial was before *Adlow*, J. He found as follows: "I find that the plaintiff performed services at request of defendant and has procured an award and did all that could be done to conclude the defendant's business. I find that defendant agreed prior to acceptance of award to pay plaintiff for services. I find that $1,250 is a fair fee for services rendered."

*H. C. Mamber*, for the defendant.

*G. I. Cohen*, for the plaintiff.

LUMMUS, J. The plaintiff, an attorney, was found to be entitled to $1,250 from the defendant in this action for professional services. The services were performed in obtaining an award from the Commonwealth of $17,500 for the taking of part of a building and two thousand four hundred forty square feet of land. The defendant was satisfied with the amount and signed and delivered a deed to the Commonwealth which was recorded.

1. The case comes here on appeal from the dismissal by the Appellate Division of a report. It was proposed at first that the only compensation to the plaintiff should be seventy per cent of the money obtained in excess of $15,000. That, it is contended, was champertous. *Holdsworth* v. *Healey*, 249 Mass. 436. *Sherwin-Williams Co.* v. *J. Mannos & Sons, Inc.* 287 Mass. 304. But the defendant refused to sign the written agreement in which that proposal was stated and decided not to employ the plaintiff. There was evidence that about six weeks later the defendant employed the plaintiff, and nothing was then said about compensa-

tion. The judge could find that there was no special agreement limiting the plaintiff's compensation, and could disbelieve evidence to the contrary. The Commonwealth has not paid all that it owes under the award, but it could have been found that the plaintiff was employed only to obtain the award. The finding for the plaintiff, affirmed by the Appellate Division, was without error. The requests for rulings require no further discussion.

2. The record contains a petition to establish a draft report presented by the defendant, which differs from the report made by the judge, and which the judge refused to allow. The defendant complains that the judge adopted the draft report presented by the plaintiff and rejected that presented by the defendant. The Appellate Division denied the petition, and the defendant appealed to this court.

The statute (G. L. [Ter. Ed.] c. 231, § 108, as amended by St. 1933, c. 255) provides that a party to a case in a district court, "aggrieved by any ruling on a matter of law by a single justice, may, as of right, have the ruling reported for determination by the appellate division." A judge may also make a voluntary report at his discretion if by finding or other means the case has been reduced to questions of law. *East Hampton Bank & Trust Co.* v. *Collins*, 287 Mass. 218. *Tighe* v. *Skillings*, 297 Mass. 504, 507. The statute proceeds: "The municipal court of the city of Boston shall make rules . . . for the preparation and submission of reports and the allowance of reports which a single justice shall disallow as not conformable to the facts." That court, and the other district courts, have made rules requiring the filing of a draft report, petition, affidavit, and hearing as to the truth of the draft report presented before the Appellate Division or a judge delegated for the purpose. Rule 30 of the Municipal Court of the City of Boston (1932). Rule 30 of the District Courts (1932). *Patterson* v. *Ciborowski*, 277 Mass. 260. The report, however, is that of the judge, and he may make it conform to what he believes to be the truth in any way he desires, subject to the right of the Appellate Division to establish the draft report presented by the party aggrieved if that, rather than the

report which the judge signs or is ready to sign, is true. *Kelly* v. *Foley*, 284 Mass. 503, 509.

The appeal to this court from the final decision of an appellate division raises only questions of law. G. L. (Ter. Ed.) c. 231, § 109. *Loanes* v. *Gast*, 216 Mass. 197, 199. *Mass. Building Finish Co. Inc.* v. *Brenner*, 288 Mass. 481, 484. *MacDonald* v. *Adamian*, 294 Mass. 187, 190. *Lariviere* v. *Boucher*, 297 Mass. 27, 30. *Dolham* v. *Peterson*, 297 Mass. 479, 481. Compare *Kolda* v. *National-Ben Franklin Fire Ins. Co.* 290 Mass. 182, 184. The right of appeal extends to a decision on a petition to establish a report. *Patterson* v. *Ciborowski*, 277 Mass. 260, 266. *Murphy* v. *William C. Barry, Inc.* 295 Mass. 94. But the truth or falsity of facts set forth in such a petition is a question of fact on which the decision of the Appellate Division is final, and which we have no means of reviewing even if we had the authority to do so. *Patterson* v. *Ciborowski*, 277 Mass. 260, 266. *Burick* v. *Boston Elevated Railway*, 293 Mass. 431, 435, and cases cited.

> *Order of Appellate Division dismissing report, and denying petition to establish report, affirmed.*