*Northern District*
No. 6407

**WILLIAM H. HOOD,**
and another

**v.**

**JOHN C. McCARTHY**
and another, Trustees

Argued: March 29, 1967 Decided: May 29, 1967

*Present:* Connolly, J. (Presiding), Parker, Yesley, J.J.

YESLEY, J. *This is an action in four counts to recover a deposit paid under an agreement* for the purchase by the plaintiffs, and the sale to them by the defendant trustees, of a commercial property located on Middlesex Street, in Lowell. In counts 1 and 3 William H. Hood is the plaintiff and John C. McCarthy, trustee, the defendant. In counts 2 and 4 James H. Rush is the plaintiff and Sandra A. McCarthy, trustee, the defendant.

The defendants denied the allegations of the

declaration and asserted specially that the plaintiffs breached their agreement to buy. There was a finding for the defendants.

*There was evidence that* during July of 1965 the plaintiffs and their wives, jointly, signed a purchase and sale agreement of said property as buyers, and the defendants jointly signed, as sellers; that $4250.00 were paid to the defendants as a deposit upon the execution of the agreement; that the agreement provided that papers were to pass "on or before September 1, 1965 at 1:00 P.M. at the Middlesex North District Registry of Deeds", and that time was of the essence; that Messrs. Hood, Rush and McCarthy were all in the real estate business in the Lowell area, that they had known each other for a long time, having had business dealings with each other, and "there was a friendly relationship" between them; that immediately after the agreement was signed the defendants "delivered possession of the premises to the purchasers who agreed to account for rents collected at the time of passing"; that they collected $5655.63 and on September 1, 1965 still had possession of the premises; that on said date McCarthy met Hood and Rush at a diner in Lowell at 10:30 A.M. and told them that his attorney had taken ill the previous night and could not be present at the Registry at 1:00 P.M. and that the attorney "had all the papers"; that he, McCarthy, asked that the passing be put off

for a couple of days; that said plaintiffs "kept (him) occupied at the diner and that (he) believed from their conversation that they were extending the time for passing to another date"; that they remained there until 12:40 P.M. at which time they left; that McCarthy, suspecting that they were going to the Registry of Deeds, made for the Registry himself and found said plaintiffs there; that Rush thereupon rushed out and returned with attorney Louis Saab; that McCarthy informed Saab that his attorney was ill and "requested an extension of time for the passing; that Saab refused and demanded a deed"; that McCarthy produced a form of deed which contained the signatures of the defendant trustees but was otherwise incomplete; that he asked Saab to fill in the blanks but the latter refused.

Hood testified that he had $5000.00 in cash and a certified check at the time, but McCarthy denied seeing any money or check. There was further evidence that McCarthy looked for an attorney at the Registry but couldn't find one, that he told Saab that he would fill in the deed in longhand but the latter stated that he would not accept a deed written in longhand; that the McCarthys' attorney had taken ill on the night of August 31 and was unable to be present at the Registry of Deeds on September 1, that he had the papers relating to the passing at his home in Sharon, and that he had no knowledge prior to September 1 that Saab was going

to represent the purchasers. The trial justice specially found that the "plaintiffs have not sustained the burden of proof", from which finding and the denial of their requests numbered 1 and 2 the plaintiffs took this appeal.

■ ■ ■ Request No. 1 asked the court to rule that "the evidence as a matter of law compels a finding for the plaintiffs on all counts". The plaintiffs did not become entitled to a return of their deposit unless the defendants defaulted on their obligation to convey the premises according to the terms of the agreement. *Beck* v. *Doore,* 319 Mass. 707, 710. See *King* v. *Milliken,* 248 Mass. 460, 463. On the evidence, the trial justice was not compelled to find that the defendants were not prepared to deliver a deed at the time specified in the agreement. He could have found that McCarthy was prepared to deliver a deed that would have been acceptable to the plaintiffs except for the fact that insertions in blank spaces were to be made by him in longhand.

■ Since neither the agreement nor any principle of law with which we are familiar required delivery of a deed in the form demanded by the plaintiffs, the failure of the defendants to tender one could not establish a basis for a finding of a default on their part.

■ In their brief, the plaintiffs argue for the first time that a deed executed with the name of the grantee left blank "was without validity". This point was not raised at the encounter

at the registry of deeds. On the evidence a finding was warranted that McCarthy, a joint owner, was prepared to insert the names of the purchasers as grantees before delivery of the deed to the plaintiffs but for their refusal to accept a deed with longhand insertions. No argument is made by the plaintiffs as to the authority of McCarthy to insert the name of the grantees called for by the agreement of sale, after signature by his co-trustee.

Furthermore, to be entitled to a return of their deposit, the plaintiffs must show a tender of the balance of the purchase price. *King* v. *Milliken,* 248 Mass. at page 463. *Beck* v. *Doore,* 319 Mass. at page 710. On the conflicting evidence the trial justice was not required to find that the plaintiffs had made a good tender, nor that a tender was excused.

In view of the foregoing, it is not necessary to discuss whether or not the trial justice could have found from the conversation between the parties in the forenoon of the day set for passing of papers that an extension of the time had been agreed to between them. In fine, his finding that the plaintiffs had not sustained their burden of proof had ample support in the evidence.

Rarely can it be ruled on oral evidence that a party on whom rests the burden of proof has sustained it as a matter of law. *Hoffman* v. *Chelsea,* 315 Mass. 54, 56.

There is still a further difficulty with the

plaintiffs' contention that the evidence compelled a finding for the plaintiffs on all counts. The agreement "was signed by (the plaintiffs) jointly". Therefore, they all had to be named jointly in each count in order to recover. *Thomas* v. *Benson*, 264 Mass. 555, 556. The failure so to do may be availed of under a general denial. *Baker* v. *Jewell*, 6 Mass. 460, 462.

Request No. 2 asks for a ruling that a finding is compelled for the plaintiffs "as a matter of fact". For the reasons stated above, the evidence did not compel the court to find the facts essential to recovery.

 The appeal from the court's finding that the plaintiffs failed to sustain their burden presents no question of law. Such a finding is in effect a general finding which may only be brought before us for review by an appropriate request for a ruling. *Boston* v. *Cambridge*, 318 Mass. 420, 423, 424.

 The plaintiffs contend that the evidence regarding the collections of rents by them was excluded when offered at the trial and should not have been reported. Under rule 30 of the Rules of the District Courts (1952) republished January 1, 1965, the procedure is set forth for the establishment of a report where it is claimed that the trial justice fails or refuses to settle the report in the form desired by the appellant. Once the case comes before us for argument, we are bound by the report either as settled by

the trial justice (as in this case) or as established by this Division. In any event since the evidence complained of does not bear on the issues before us, it is difficult to see how the plaintiffs are damaged by its inclusion in the report.

There being no error, **the report is ordered dismissed.**

RICHARD P. HOWE
 for plaintiffs
SAMUEL E. KAUFMAN
 for defendants