Harry A. COHEN & others[1]
vs.
Evelyn E. HAYNES

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

January 31, 1980

Sidney Mazer for the plaintiff.
Robert E. Greenglass for the defendant.
Present: Lee, P.J., Hurd* & Welsh, JJ.

[1]Kenneth W. and Myra Cohen.

★Honorable George N. Hurd, Jr. was not able to concur with this opinion since it was promulgated after his appointment to the Superior Court Department.

WELSH, J. This is a civil action sounding in contract for the recovery of rent alleged to be due from May, 1977 through December, 1977. The demised premises consisted of an apartment occupied by the defendant as her residence.

The defendant, who appeared and defended the action pro se in the trial court, filed an answer which was essentially a general denial and a plea of payment.[2]

After trial, the court found for the defendant. The plaintiff duly filed requests for rulings, which were denied by the court, and timely filed a request for a report. A draft report was also seasonably filed by the plaintiff.

We need not consider the propriety of the actions of the judge upon the requests for rulings filed by the plaintiff because we determine that the "report" is not properly before us.

Plaintiff-appellant states in his brief that the trial judge did not act upon the draft report he filed, but instead adopted and signed a report of his own. Plaintiff contends that the report which is before the Appellate Division differed in several material particulars from the draft report he submitted and, in effect, does not truly reflect the evidence bearing upon the issues of law sought to be raised.

While it is accurate to say that the appealing party has the duty to prepare and file seasonably a proper draft report, it is also true that the report as finally settled is that of the trial judge and not that of any party. Santosuosso v. Russo, 300 Mass. 247, 249-250 (1938). The trial judge may, and should, require that the report as settled comply with all formal requirements for reports, and that the report contain all of the evidence he deems material to the questions of law involved in the report. However, the appealing party is not without a remedy if he finds himself in substantial disagreement with the trial judge as to the form or contents of the report. The correct procedure is for the trial judge to disallow the draft report originally filed by the appellant with a statement containing his reasons for disallowance. The appealing party may then commence an appropriate petition for the establishment of the draft report in the form and substance originally filed by him. Calcagno v. P.H. Graham & Sons, Co., 313 Mass. 364, 366-367 (1943); Santosuosso v. Russo, supra at 250. If the trial judge does not follow the course of action of disallowing a report he conscientiously feels he cannot concur in, but rather adopts a report in which the parties have not been afforded an opportunity to be heard and in which they do not concur, the Appellate Division cannot effectively deal with the questions of law sought to be raised as the report is defective and the veracity of the record is in doubt.

We recognize that the great majority of draft reports that are filed will undergo one or more revisions before a report is finally allowed. These reports are usually the product of a consensus. The trial judge and the parties have a duty to endeavor in good faith to resolve their differences, so that a report satisfactory to the parties concerned and the judge is formulated. However, when and if it becomes apparent that attempts to resolve differences and to agree upon a report are futile, the judge should clearly and unequivocally disallow the draft report filed, thus permitting the cause to proceed by means of the remedy provided by a petition to establish the report. If the petition is proper, and the petitioner is able to demonstrate to the Appellate Division that he is entitled to have his draft report established, review of the questions of law sought to be raised in the report can then proceed in an orderly fashion.

Neither sound judicial administration nor the public policy of expeditious, efficient and fair appellate review is fostered if an appellant is permitted to impeach the report at the appellate level when no steps were taken to petition for the establishment of a report. The Appellate Divisions have been somewhat divided as to the appropriate response when an appealing party seeks to question the report as to form or content upon presentation of argument or submission for decision without argument.

[2]Although answers by way of general denial and payment are not encouraged, see Rule 8(b) of the Dist./Mun. Cts. R. Civ. P., latitute is understandable where the party appears pro se.

[1]Executor of the estate of Grace E. Callahan.

One approach is for the Appellate Division to proceed to consider on its merits the "report" and thus preclude the appellant from questioning the report. An example of this approach is found in the case of **Hood v. McCarthy,** 37 Mass. App. Dec. 140 (1967). There is dicta in that case which suggests that an appellant might be bound by the report signed by the trial judge, even if he complains on appeal that the report does not accurately reflect what occurred in the trial court. **Id.** at 147-148. In that case, the variance suggested between the report and the appellant's version was slight, and would not have mandated a different result.

The better view, in our opinion, is that reflected in cases like **Kilroy v. Joyce,** 6 Mass. App. Dec. 45, 46 (1953). Said view is that the case ought to be remanded to the trial judge to either settle a report agreeable to him and the parties, or to at least the appealing party; or to disallow the draft report initially filed by the appealing party, leaving the aggrieved party to the remedy of a petition to establish a report. See **Baro v. Baro,** Mass. App. Div. Adv. Sh. (1979) 72, 74; **Castagnetti v. Pietrasiak,** Mass. App. Div. Adv. Sh. (1978) 631, 638.

This cause is remanded to the trial court for further proceedings consistent with this opinion. The trial judge is to either disallow the draft report originally filed by the plaintiff, with a memorandum containing his reasons therefor, or settle a report which the court and the parties consider satisfactory.

So ordered.
J. Welsh