## Vincent LECHIARA[1]
### vs
## Placido AMATO & another[2]

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

July 11, 1980

Burton A. Shaker for the plaintiff.
Michael T. Stella, Sr., for the defendant.

Present: Cowdrey, P.J., Flynn* & Zoll, JJ.

---

[1]Doing business as Vincent's Construction Co.
[2]Alfina Amato.

★The Honorable Maurice R. Flynn, Jr., participated in the hearing and post-hearing conference on this case, but passed away prior to the promulgation of this Opinion.

---

**COWDREY, P.J.** This is a petition to establish the defendants' draft report. The instant action was previously before this Division on a report of the trial court's dismissal of the defendants' initial draft report. Said dismissal order was vacated, and the case was remanded for a hearing on the draft report. **Lechiara v. Amato,** Mass. App. Div. Adv. Sh. (1979) 219, 221.

The petition and docket entries indicate the following: On June 19, 1979 the trial court conducted a hearing, and ordered the defendants to delete certain evidence from their draft report. The defendants' objection that such evidence was essential to this Division's full understanding of the reported issues was overruled by the court. A second hearing on the draft report was scheduled for June 26, 1979 and continued, due to the trial justice's absence, to July 10, 1979 upon agreement of the parties. Prior to such hearing, however, the trial justice rejected the defendants' substitute draft report, and signed and filed his own report which omitted all evidence that the trial justice deemed irrelevant. A docket entry for August 7, 1979 indicates that a "[d]raft report [was] established over defendant's objection."

1. A petition to establish was the proper procedural device to effect the redress sought by the defendant herein despite both the absence of a direct order of disallowance by the trial justice and the existence of a signed and purportedly settled report in the trial court. An aggrieved party whose draft report is amended or altered by a trial justice may petition this Division to establish the party's original draft report. **Hood v. McCarthy,** 37 Mass. App. Dec. 140, 147 (1967). A report to this Division is:

> "that of the judge, and he may make it conform to what he believes to be the truth in any way he desires, subject to the right of the Appellate Division to establish the draft report presented by the party aggrieved if that, rather than the report which the judge signs or is ready to sign, is true" (emphasis supplied).

Santosuosso v. Russo, 300 Mass. 247, 249-250 (1938). See also **Castagnetti v. Pietrasiak,** Mass. App. Div. Adv. Sh. (1978) 631, 632; **Pace v. Gallagher,** Mass. App. Div. Adv. Sh. (1978) 482.

2. Our comparison of the trial justice's report with the draft proffered by the defendants is governed generally by Dist. Mun. Cts. R. Civ. P. 64(c)(2) which mandates that a draft report must contain all "facts essential to a full understanding of the questions presented." Failure to include all evidence prerequisite to a valid and comprehensive review by this Division necessitates the dismissal or disallowance of a report or the denial of a petition to establish the same. See, e.g., **Bynoe v. Massachusetts Port Auth.,** 46 Mass. App. Dec. 191, 193 (1971); **Pirolli v. Salvucci,** 30 Mass. App. Dec. 191, 193 (1966); **Atlas Distributing Corp. v. Crystoff,** 24 Mass. App. Dec. 203, 206 (1962). It is the responsibility of the appellant to insure that the report sets forth all matters necessary for this Division's investigation of possible error. **Megizsky v. Salen,** 40 Mass. App. Dec. 35, 40 (1968); **Parsons, Friedmann & Central, Inc. v. Daniels,** 37 Mass. App. Dec. 121, 122-123 (1967). Conversely, "evidence, pleadings or other documents which are not material to the questions raised should not be permitted needlessly to encumber and complicate the report." **Schraeder v. Assembled Homes, Inc.,** 28 Mass. App. Dec. 195, 196-197 (1964) and cases cited. See also **Dillon v. Framingham,** 288 Mass. 511, 513 (1934); **Giannino v. Lynnfield,** Mass. App. Div. Adv. Sh. (1979) 473, 476.

Employing the above standards of relevance and materiality to the disputed evidence in the case sub judice, we find that the defendants' draft report containing such evidence should be established. The defendants' claim of error is based on the trial court's denial of several requests for rulings of law, numbers 4, 5, 6, 7, 9 and 13 of which relate in some manner to the evidence excluded from the trial justice's report. It is irrelevant that this evidence may not be dispositive on review of either the trial court's denial of these requests or its ultimate finding for the plaintiff. What

is decisive here is that the evidence in question pertains to an appellate issue and is an element of the case advanced by the defendants.

Accordingly, the defendants' petition to establish is allowed.

So ordered.

Cowdrey, P.J.