Welsh, P.J.
The posture of this case is the consideration and disposition of defendant’s petition to establish his draft report. A brief procedural history is in order.
This case arises from a petition for the enforcement of the duty of support filed by the plaintiff under General Laws Chapter 273A, commonly referred to as the Uniform Reciprocal Enforcement of Support Act.[1] The required supporting documents were forwarded by thhe Court of Common Pleas in the State of Pennsylvania to the West Roxbury Division. Presumably a determination was made that a duty of support was owed based upon the representations of the plaintiff. Neither the petition to establish nor the draft report raises any questions as to the legal sufficiency of the documentation furnished by the initiating state. See Kirby v. Kirby, 338 Mass. 263, 266-267 (1959). The West Roxbury Division took appropriate steps to obtain jurisdiction of the defendant by personal service. Id. at 265. The defendant (Petitioner herein) moved for a trial by *268 jury, which motion was denied by the court. The parties were never married to each other, nor had there been any prior adjudication of paternity. After a trial on the merits, the court adjudged the defendant the father of the child and ordered him to pay the sum of $100.00 per week for the support of the child.
The defendant seasonably filed a draft report in which he claims to be aggrieved by the denial of his motion for trial by jury, the adjudication of paternity, the refusal to admit certain evidence offered on the issue of the defendant’s ability to pay support, the determination that the child’s presence in the court was not necessary, the court’s declination to accept his requests for rulings of law and the refusal to permit a closing argument.
The court neither dismissed nor disallowed the defendant’s draft report, adopting instead a report which differs in several important particulars from the draft report filed. The defendant in order to safeguard his right to have his own draft report considered on appeal, filed a petition to establish his draft report in the trial court before the expiration of 90 days from the date of filing the draft report. Rule 64(c)(5), Dist./Mun. Cts. R. Civ.P.
The proper practice when the trial j udge and a party seeking the allowance of a draft report reach a stalemate after attempts to arrive at an accommodation as to the content of a report fail and further efforts in that direction appear futile is for the trial judge to disallow the draft report with a statement of his reason for disallowance, thus leaving the appealing party to pursue the remedy embodied in a petition or the establishment of a report. The trial judge should not, over objection, settle a report differing substantially from that which the appellant filed. Santosuosso v. Della Russo, 300 Mass 247, 249, 250 (1938); Coen Marine Equipment Inc. v. Kurker,, 1983 Mass. Appellate Division . Such a report, whether prepared by the appellee or by the trial judge, has no standing and cannot serve as an appropriate vehicle for appellate review.
We hold that the petition to establish report, the affidavit in support of the petition, and the draft report sought to be established are fatally flawed and as a consequence the petition must be denied. We further hold that, apart from the substantial procedural deficiencies, the draft report sought to be established fails to evince error of law substantially prejudicial to the rights of the petitioner. In short, the petition is to be denied because the defendant (petitioner herein) has not shown himself entitled to a report of the issues he seeks to raise in his draft report.
1. We begin our analysis by noting some of the procedural faux pas. The affidavit supporting a petition to establish a report is required to contain a clear and unequivocal statement that the draft report sought to be established contains an accurate summary of all of the relevant evidence and proceedings and conforms to the truth. Lasell v. Director of the Division of Employment Security, 325 Mass. 23, 26 (1949); Sea Street Auto Body, Inc. v. Mullis, 55 Mass. App. Dec. 142, 145, (1974). The petitioner’s Motion to Amend Draft Report and Petition to Establish Draft Report have no standing and must be denied. The Appellate Division is not empowered to allow an amended petition to establish a draft report differing from the original draft report filed. Graustein, Petitioner, 305 Mass. 568, 570 (1940). Nor is it proper to annex or to attempt to include a transcript as part of the record on proceedings of this sort. Id. at 569; Rhode Island v. Montijo, 1980 Mass. App. Div. 146, 148-149; Cornell-Andrews & Co. v. Boston & Prov. R.R., 215 Mass. 381 1913). The statement in the affidavit supporting the petition to the effect the petition is accurate to the best of counsel’s knowledge and belief is inadequate. The Connecticut Bank & Trust Co. v. Phaneuf, 37 Mass. App. Dec. 196, 199 (1967); Cook v. Kozlowski, 351 Mass. 708 (1967). The require *269 ment of an unequivocal statement that it conforms to the truth is not satisfied by an averment that the petition is true based upon the knowledge and belief of the affiant. Parkway Imports Inc. v. Askinos, 37 Mass. App. Dec. 200, 202 (1967). Finally, the petition must be dismissed for the reason, if not for the other reasons cited, that even if established, no question of law would be presented of such gravity as properly to call for consideration of the Apellate Division. Graustein, Petitioner, 305 Mass. 571 (1940); Henry L. Sawyer Co. v. Boyajian, 298 Mass. 415, 416, 417, (1937).
2. Petitioner’s claim of error based upon the trialjudge’s denial of ajury trial is without merit. No jury trial is required because such proceedings are deemed civil and equitable in character. M _ v. W _ 352 Mass. 704, 711-712 (1967); Hatfield v. Klimoski, 338 Mass. 81, 84 (1958). There is no impediment to determining paternity in such proceedings if no prior determination was made. M _ v. W _, supra at 711.
3. The judge’s finding of fact on the issue of paternity is unassailable upon review especially where it appears that that finding is amply supported by evidence in the record. MacDonald v. Adamian, 294 Mass. 187, 190, 191 (1936). It is difficult to imagine a case in which the central issue depends more upon the question of credibility of the parties than cases of this sort. The defendant presented no request for ruling specifically directed to the question of the sufficiency of evidence to permit a finding that he was the father of the child. In the absence of such a request, the question is usually deemed foreclosed on appeal under the present dispensation of appellate review in the district courts. Reid v. Doherty, 273 Mass. 388, 389 (1930); Cf. Secrest v. Safiol, Mass. Adv. Sh. (1981) 1150, 1152, n.3. (Sufficiency of evidence to warrant finding that defendant had taken reasonable steps to comply with contract was deemed feviewable on appeal in the absence of a specific request for ruling directed to the issue.) Policy considerations subserved by the rule requiring a specific request for ruling are more intimately affected where as here the evidence bearing upon the point is (1) largely testimonial, (2) substantially divergent in content on the crucial issue and (3) is particularly a matter of credibility within the province of the finder of fact. Where an Appellate Court is satisfied that all evidence bearing upon the issue is a matter of record was not substantially disputed at trial and involves largely the legal interpretation of a document or contract and its application to such facts, review may be had even absent a request for a specific ruling on the issue. Id.
4. The defendant requested that the court rule that, as a matter of law, there must be a finding for the defendant. The court declined to act upon the request for ruling. Such a refusal is tantamount to the denial of the ruling requested for purposes of review. Ryerson v. Fall River Philanthropic Burial Soc., 315 Mass. 244, 246 (1943). There was no error in such constructive denial because there was ample evidence warranting a finding for the plaintiff. Of course, it was for the judge to resolve questions of credibility. Dolham v. Peterson, 297 Mass. 479, 481 (1937).
5. The defendant (petitioner herein) is precluded from obtaining review of the judge’s actions in excluding evidence since the draft report does.not indicate that he saved the question by requesting a report at the time of the ruling. Barton v. Cambridge, 318 Mass. 420, 423 (1945), Spevack v. Budish, 238 Mass. 215, 217 (1921).
In any case, the judge’s determination that the child need not be presented in court was within his discretion. While such evidence has traditionally been held admissible for the purposes of showing a resemblance, see Scott v. Donovan, 153 Mass. 378 (1891), such evidence should be received with considerable caution *270 because of its tendency to mislead. It is not, of itself, sufficient to warrant a finding of paternity. Finnegan v. Dugan, 96 Mass. (14 Allen) 197 (1867). There is also the danger that the finder of fact might focus upon irrelevant considerations, such as sympathy for the child, or place undue reliance upon a perceived resemblance or lack of resemblance. It was held early on that secondary evidence by means ofthe testimony ofwitnesses as to aperceived resemblance was inadmissible. Eddy v. Gray, 86 Mass. (4 Allen) 435, 438 (1862). Nor was it competent to show that the child resembled a man other than the defendant. Young v. Makepeace, 103 Mass. 50, 54 (1869). In a recent decision, the Supreme Judicial Court held that the rule permitting the exhibition of the child to the jury was to be restricted prospectively in its application to those cases where such evidence is supported by expert testimony on the issue of probability that specific physical characteristics were inherited from the defendant. Commonwealth v. Kennedy, 389 Mass. 308, 314 (1983). The decision reaffirms the discretionary character of admitting or excluding such evidence. Id, at 313.
The defendant (petitioner) contends that the failure of the judge to afford him an opportunity to make a closing argument was error. Argument is a subject particularly within the controlling discretion of the trial judge. J. SMITH & H. ZOBEL, RULES PRACTICE §51.2 at 227 (1977). Rule 51(a), Mass. R. Civ. P., 365 Mass. 816 (1974), expressly states that the court, either upon the request of a party or at its own motion, may enlarge or constrict the time permitted by the rule for oral argument. While possibly a case can be made for the proposition that due process of law guaranteed by Art. XIV of the Amendments to the Constitution of the United States and Article XII of the Declaration of Rights of the Constitution of Massachusetts vouchsafe the right of a criminal defendant to address the jury by way of a closing argument, either personally or by counsel[2], no Massachusetts case has been brought to our attention by counsel (nor does our own research disclose any such case) wherein the denial of the opportunity to make a closing argument in a civil case tried to a judge without jury was deemed to be prejudicial error. We observe that the benefit of a closing argument rehearsing the evidence, just adduced in a relatively brief trial such as this in which the issues of fact and law are relatively simple is of limited utility. We perceive in this case no prejudicial error in the denial of that opportunity, assuming in favor of petitioner that such refusal did in fact occur.
The question of the refusal (if in fact that occurred) of the trial judge to receive evidence of support in a bifurcated fashion was, for reasons already stated, not properly saved for review. As was observed in the Kennedy case, supra, the record shows that the defendant was a physician employed as an intern at a local hospital. There is nothing to suggest any impairment of his ability to earn or to provide for the support of the child. The court as a finder of fact could rely to some extent upon its own judgment and experience in fixing the amount awarded as support. The award here does not appear so patently unreasonable as to “shock the conscience of the court.” Raymond v. Lowell, 60 Mass. (6 Cush.) 524, 537 (1850); Bartley v. Phillips, 317 Mass. 35 , 40, 41 (1944). “The financial obligation of the defendant is not so great as to be excessive on its face.” Commonwealth v. Kennedy, supra at 315.
The petition to establish the draft report is denied. Defendant’s motion to amend draft report and petition to establish report is denied.

So ordered.

 Inserted by St. 1954, c. 556. Note: 1951 act was entitled “Enforcement of the Duty to Support Dependants.” Uniform Reciprocal Enforcement of Supp. Act came in 1954.

 Rule 24(a)(1), Mass. R. Crim. P., 378 Mass. 895 (1979); Commonwealth v. Porter, 51 Mass. (10 Met.) 263, 287 (1845).