Cowdrey, P.J.
This is a petition to establish the defendant’s draft report upon which no action was taken by the trial court within three months of the filing thereof. Dist./Mun. Cts. R. Civ. P., Rule 64(c)(5).
Appellate consideration of the defendant’s petition and draft report has been needlessly complicated by the existence of a report prepared by the plaintiff-appellee and signed by the trial justice.
The post-judgment procedural progression of this case may be summarized as follows: A finding for the plaintiff as entered in the trial court on November 17,1982. The defendant seasonably filed the draft report which is the subject of the present petition on November 23,1982. In conjunction with this draft, the defendant submitted a cover letter requesting the trial justice to advise the defendant as to whether a hearing would be held; whether the draft required modification or amendment or whether the draft report could be allowed in the form submitted.
On December 10, 1982, twenty-three days after judgment, the plaintiff-appellee filed a draft report which had been prepared by the plaintiff at the trial justice’s request. The defendant thereafter submitted written objections *15 to the form and contents of the plaintiffs draft report on December 15,1982.
The defendant endeavored by letters dated January 14 and February 9, 1983 to secure a hearing on his draft report and to obtain some information as to the court’s progress in reviewing the draft report at issue. No hearing was scheduled, however, and no action was taken by the trialjustice to finalize any report within the three month period prescribed for report settlement by Dist./Mun. Cts. R. Civ. P., Rule 64(c)(5).
On March 29,1983, more than four months after judgment, the defendant filed a petition to establish his draft report. The trial justice thereafter “allowed” the plaintiff-appellee’s draft report on April 28, 1983.
The confusion generated by the trial justice’s unorthodox solicitation and allowance of an appellee’s draft report, particularly subsequent to the filing of a petition to establish by the appellant, suspended operations in this case for a period in excess of one year. The defendant ultimately filed a “Motion to Substitute the Defendant-Appellant’s Draft Report in Lieu of the Plaintiff-Appellee’s Draft Report” on May 17,1984. On the basis of this motion, the trial court finally forwarded the case to the Appellate Division for review.
1. The sole issue presented for appellate consideration by both the trial justice’s report and the defendant’s draft report is the propriety of the court’s denial of the defendant’s Dist./Mun. Cts. R. Civ. P., Rule 41(b)(2) motion for involuntary dismissal submitted at the close of the plaintiffs case.[1] The apparent basis of this motion was the defendant’s allegation of insufficient evidence on the question of identity. See, e.g., Herman v. Fine, 314 Mass. 67, 69 (1943). Substantial and irreconcilable differences exist between the evidentiary recitals contained in the trial judge’s report and the defendant’s draft report on the identity issue.[2] A determination of which report sets forth the most accurate and complete summary of the material evidence might appear to be in order.
The appellate procedure outlined in Dist./Mun. Cts. R. Civ. P., Rule 64 does not, however, envision or permit competing draft reports. The emphasis and mandate of Rule 64(c)(4) is on the settlement of a report or trial record which satisfies procedural requirements for comprehensiveness and veracity and which is the product of a consensus between the trialjustice and the parties. It is often stated as elementary law that a report to the Appellate Divsion is the report of the trialjustice, Meyer v. Hooker, 541 Mass. App. Dec. 142, 146 (1973); Mulcahy v. Travelers Ins. Co., 42 Mass. App. Dec. 141, 146 (1968), who is duty bound to insure that the report contains a complete and accurate recital of all material evidence presented at trial. Kelly v. Foley, 284 Mass. 503, 509 (1933); Sullivan v. Aussebel, 39 Mass. App. Dec. 222, 226 (1968). Nevertheless, a Rule 64(c) appeal to this Division is initiated and prose cuted by an aggrieved party within the context of an adversarial system. A trialjustice who cannot accept or concur in an appellant’s draft report or in revision thereof should not, therefore, prepare and submit his own report. Rule 64(c)(4) of the Dist./Mun. Cts. R. Civ. P. expressly authorizes a trial justice simply to “either settle the form of the report or disallow the request for the report.” Pursuant to the rule, *16 a trial justice should thus simply disallow an inaccurate or incomplete draft report and set forth succinctly the reasons for such disallowance. Rule 64 neither contemplates, nor permits, a trial justice to substitute his report or that of the appellee in place of the draft submitted by the aggrieved party. Cohen v. Haynes, 1980 Mass. App. Div. 22, 23; Castignetti v. Pietrasiak, Mass. App. Div. Adv. Sh. (1978) 631, 638-639; Kilroy v. Joyce, 6 Mass. App. Dec. 45, 46 (1953).
Where, as in the instant case, an aggrieved party’s draft report has in fact been altered, amended or replaced by a report of the trial court, the remedy has been a petition to establish.
An aggrieved party whose draft report is amended or altered by a trial justice may petition this Division to establish the party’s original draft report. Hood v. McCarthy, 37 Mass. App. Dec. 140, 147 (1967). A report to this Division is ‘that of the judge, and he may make it conform to what he believes to be the truth in any way he desires, subject to the right of the Appellate Division to establish the draft report presented by the party aggrieved if that, rather than the report which the judge signs or is ready to sign, is true.’ Santuosso v. Russo, 300 Mass. 247, 249-250 (1938).
Lechiara v. Amato, 1980 Mass. App. Div. 117; Pace v. Gallagher, Mass. App. Div. Adv. Sh. (1978) 482. In affording this petition remedy to the appellant, a problem has arisen, however, relative to the status of the competing report signed by the trial justice. Prescinding from the language of Santuosso, ibid., an initial approach to the dual report problem utilized by this Division entailed a comparison or reconciliation of the judge’s report with the appellant’s draft, and a selection and establishment of the better record of trial evidence and proceedings. See, e.g., Lechiara v. Amato, supra, at 117-118; Pace v. Gallagher, supra at 482-483; Castignetti v. Pietrasiak, supra at 638-639. The fundamental limitation of this approach can be demonstrated by an attempt to apply it in the instant case. Where the appellant’s draft report and the judge’s report contain not merely conflicting, but diametrically opposed, versions of that evidence material to the sole appellate issue, no basis for a valid choice between the two report forms exists.
An alternative approach to the existence in a single case of both a trial judge’s report and a petition to establish the aggrieved party’s draft report is to remand the case to the trial judge either to settle a form of report which is acceptable to him and to the parties or to disallow the appellant’s draft report. See Cohen v. Haynes, supra at 24. The disadvantages of this approach are obvious. The inability of the parties and the trial justice to achieve a consensus on the form and content of a report is a matter of record evidenced by the actual existence of a competing report prepared by the appellee or the trial justice to replace the aggrieved party’s draft. The logical and singularly conceivable result of a remand under these circumstances is an order of disallowance. The appellant would thus ultimately be compelled to file a second petition to establish and would be placed in no better procedural position than that which he enjoyed prior to the return of the case to the trial court. This approach accomplished the elimination of the improper second report, but entails needless cost and delay and fails to advance the case procedurally.
The simplest and most proper response to the complication at issue is to disregard the invalid,substitute report and to proceed with a consideration of *17 the aggrieved party’s draft report which is the subject of the petition to establish before the Division. It is essential to note that an examination of the report adopted by the trial justice without the appellant’s consent may in fact provide some insight into the reasons for the trial court’s constructive disal-lowance of the appellant’s draft report. Nevertheless, we hold that a report which differs substantially from the draft filed by the aggrieved party, and which is prepared by the appellee or the trial justice and signed over the aggrieved party’s objection, has no standing under Dist./Mun. Cts. R. Civ. P., Rule 64 and cannot serve as the vehicle for the presentation of issues of law to this Division. Coen Marine Equip., Inc. v. Kurker, 1983 Mass. App. Div. 221, 222-223; Kreikorn v. Durkin, 1983 Mass. App. Div. 267, 268.
2. The elimination herein of the report submitted by the appellee and signed by the trial court permits consideration by this Division of the defendant’s petition to establish and draft report. An examination of the petition and draft report, however, discloses that the defendant has failed to comply fully with the requirements of Rule 64 and is thus not entitled to appellate review in this case.
The affidavit submitted in conjunction with the defendant’s petition verifies the truth of the contents of the petition and draft report only to the best of counsel’s knowledge and belief. Such verification is inadequate. Cook v. Kozlawski, 351 Mass. 708 (1967); The Connecticut Bank & Tr. Co. v. Phaneuf, 37 Mass. App. Dec. 196, 199 (1967). The affidavit mandated by Rule 64 is a clear and unequivocal averment, as of the affiant’s personal knowledge, of the truth and accuracy of both the petition to establish and its subject draft report. Comfort Air Systems, Inc. v. Cacopardo, 370 Mass. 255, 257, fn.2 (1976); Massey v. Massey, 1983 Mass. App. Div. 89, 90. The submission of an adequate affidavit is particularly critical where, as in the instant case, serious doubt has been cast upon the scope and accuracy of the draft report contents.
The draft report is in fact clearly deficient in content. The basis of the defendant’s attempted appeal to this Division is his charge of error in the trial court’s denial of the defendant’s Dist./Mun. Cts. R. Civ. P., Rule 41(b)(2) motion for involuntary dismissal which was purportedly submitted in writing at the close of the plaintiffs evidence. This motion is neither attached to, nor adequately summarized in, the draft report advanced by the defendant. This Division cannot consider what is not presented in a report; and we will thus not establish a draft report which omits matters essential to a comprehensive and valid appellate review. Fiorino v. Worcester Polytechnic Inst., 1980 Mass. App. Div. 47, 48; Vernon A. Martin, Inc. v. Glidden, 1980 Mass. App. Div. 120, 121 and cases cited.
In short, the defendant has failed to sustain his burden of establishing that the contents of his petition and draft report are complete and accurate, and that he is accordingly entitled to an appeal. Jordan Marsh Co. v. Killian, 39 Mass. App. Dec. 238, 239-240 (1968).
The defendant’s petition to establish a draft report is hereby denied.
3. Defendant’s counsel has filed with this Division a “Suggestion of Death and Motion to Substitute Defendant.” Said motion is hereby allowed. Andrea Caplan, Executrix of the deceased Marvin M. Caplan, is to be substituted as the defendant in this action.

 Regardless of its caption, a motion for a directed or required finding will be treated in a non-jury trial in accordance with the provision of Dist./Mun. Cts. R. Civ. P., Rule 41(,b)(2). See, e.g., Brown v. Gerstein, 17 Mass. App. Ct. 558, 559 fn.3 (1984); Fennell v. Wyzik, 12 Mass. App. Ct. 909 (1981).

 The defendant’s draft report discloses nothing more than a bald similarity of names as the evidence introduced by the plaintiff on the question of the defendant’s identity. See, e.g., Deutsch v. Ormsby, 354 Mass. 485, 489 (1968) The trial justice’s report, however, sets forth a totally divergent depiction of events which constitute additional, circumstantial evidence sufficient to sustain the court’s finding in the plaintiffs favor on the issue of identity. See, e.g., as to quantum of evidence required, Nugent v. Popular Markets, Inc., 353 Mass. 45, 47 (1967).