Banks, J.
This is a petition to establish the defendant’s draft report in an action on a promissory note tried in the Concord Division of the District Court Department.
Judgment was entered for the plaintiff on July 7, 1987. The defendant thereafter filed a timely request for a report and draft report pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(c)(1). Hearings were then held by the trial justice in an effort to settle a report. On August 11, 1987, the trialjustice allowed and signed a revised draft report submitted by the defendant.
Plaintiffs counsel forwarded a subsequent letter to the trialjustice in which he listed a number of objections to the content of the defendant’s revised draft report. Thereafter, the trialjustice sua sponte vacated his August 11, 1987 allowance of the defendant’s revised draft and scheduled a further hearing. In the course of this September 9, 1987 hearing, the trialjustice solicited the preparation of a new draft report by the plaintiff-appellee. This draft report was eventually signed by the trialjustice, and the defendant’s draft report was then disallowed. No reasons for such disallowance were set forth by the trial justice.
1. The defendant is before this Division on his petition to establish his draft report as a result of the court’s unexplained disallowance of his draft and adoption and signature of a substitute draft report prepared by the appellee. Santuosso v. Russo, 300 Mass. 247, 249-250 (1938); Lechiara v. Amato, 1980 Mass. App. Div. 117; Pace v. Gallagher, Mass. App. Div. Adv. Sh. (1978) 482. The court’s allowance of a substitute draft report raises on this appeal the question of the proper procedure to be followed when irreconcilable differences arise between the trialjustice and the aggrieved party as to the form and content of an acceptable Dist./Mun. Cts. R. Civ. P.,Rule 64 report of issues of law. This case is governed by our decision in Powers v. Kaplan, 1985 Mass. App. Div. 14. We reiterate in this case that the only permissible treatment by a trial judge of a draft report which he deems to be incomplete or inaccurate and which cannot be revised after hearing to the satisfaction of all parties is an express disallowance of such draft with a statement of the court’s reasons for such disallowance.
2. The procedure prescribed by Dist./Mun. Cts. R. Civ. P., Rules 64(c)(4), (c)(5) and (e) for the prosecution of an appeal to this Division is simple and *63 straightforward. Unless the trial court intends to allow the draft report submitted by the aggrieved party, a hearing to settle the form of the report must be held. The obvious purpose of a draft report hearing is to secure the participation of all parties in the settlement of a report which constitutes the most accurate and comprehensive record of trial court proceedings relevant to the aggrieved party’s claim of appeal. In an ideal case, the final report signed by the trial justice and forwarded to this Division will be the product of the parties’ compromise and consensus on a report form which embodies the fairest and most complete recital of trial court evidence and concise formulation of issues of law preserved for appeal.
It is a familiar statement of the law that such a final report is that of the trial justice whose right and duty it is to insure the accuracy and utility of the report as a complete trial court record. Meyer v. Hooker, 54 Mass. App. Dec. 142, 146 (1973); Sullivan v. Aussebel, 39 Mass. App. Dec. 222, 226 (1968). This principle defines the judge’s role as that of the trial court arbiter of the procedural and substantive validity of the aggrieved party’s draft report. A trial justice enjoys considerable discretion within the parameters of Rule 64 in ordering all additions to, deletions from or revisions of such draft report necessary to produce a document which conforms to the truth and which is cognizable under Rule 64(c) as a trial court record. Keeney v. Ciborowski, 304 Mass. 371, 373 (1939); Kelly v. Foley, 284 Mass. 503, 509 (1933).
The trial court’s authority is restricted, however, under Rule 64 to a disposition of the aggrieved party’s original draft report or a revision thereof. Although the report is customarily denominated as that of the trial justice, his authority is ultimately limited by the fact that the appeal itself remains that of the aggrieved party who initiates and prosecutes the same within the context of an adversarial system. Powers v. Kaplan, at 15. Rule 64(c)(4) of the Dist./Mun. Cts. R. Civ..P. thus expressly empowers a trial justice simply to “either settle the form of the report or disallow the request for the report.” Id.
The term “settle” logically denotes the consensus and agreement of the aggrieved party. When an aggrieved party is unwilling or unable to comply with a judicial order for draft report revision to perfect a record acceptable to the trial justice, no report settlement can be effected. The exclusive procedural alternative which may then be properly followed by the trial justice pursuant to Rule 64 is an express and unequivocal disallowance of the inaccurate or incomplete draft report with a succinct written statement of the reasons therefor, Dist./Mun. Cts. R. Civ. R, Rule 64(c)(5); Patterson v. Ciborowski, 277 Mass. 260, 265 (1931); Dreikorn v. Durkin, 1983 Mass. App. Div. 267, 268. See, as to necessity of statement of disallowance grounds, Marquis v. Galasti, 1982 Mass. App. Div. 218.
3. In view of the limited options of draft report settlment or disallowance prescribed by Rule 64, it is well established that a trial justice may not, over the objection of the aggrieved party, prepare and file his own report or accept a form of report submitted by the appellee. However conscientiously intended, such a substitute report “whether prepared by the appellee or the trial judge, has no standing and cannot serve as an appropriate vehicle for appellate review.” Dreikorn v. Durkin at 268. See also, Powers v. Kaplan, at 17; Cohen v. Hayes, 1980 Mass. App. Div. 22, 23-24; Kilroy v. Joyce, 6 Mass. App. Dec. 45, 46 (1953). This is true even where, as in this case, the substitute report is designed to serve as a practical and expeditious remedy for perceived deficiencies in the aggrieved party’s draft report. Nor does such substitute report qualify as a practical or acceptable alternative to the detailed statement of facts and reasons for disallowance mandated by Rule 64(e). Although a searching *64 comparison of a substitute report with the aggrieved party’s draft report may suggest the basis of possible objections by the trial court to the latter document, neither the aggrieved party, nor this Division can engage in speculation as to the basis of the court’s disallowance order. Rule 64(e) prescribes a simpler and more pragmatic approach; namely, a direct identification by the trial judge of the deficiencies or inacuracies which he deems to exist in the aggrieved party’s draft report.
4. Accordingly, the trial court’s allowance of the appellee’s draft report is hereby vacated. This case is remanded to the Concord Division for further draft report hearings. If a settled report is not arrived at within sixty days, this case is to be returned to this Division with a statement from the trial justice of his reasons for draft report disallowance. So ordered.